IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Alfred Darby, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:09-2682-TLW-TER |
| | ) | |
| Williamsburg County School District and | ) | |
| Glenn Kennedy, Kenneth Kennedy, | ) | |
| Norman Gamble, Eddie "Butch" Woods, | ) | |
| L. D. "Kent" Evans, Charles Garner and | ) | |
| Norma Bartelle, in their individual | ) | |
| capacities, | ) | |
| | ) | **ORDER** |
|     Defendants. | ) | |
| | ) | |
| _____ | ) | |

      Plaintiff brought this suit under 42 U.S.C. § 1983 for violation of his civil rights under the First Amendment and alleged Civil Conspiracy against Defendant Kennedy and other named defendants. (Doc. # 1).This matter is now before the Court for consideration of Plaintiff Alfred Darby's ("Plaintiff") Motion to Dismiss Defendant Kenneth Kennedy's Amended Counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Doc. # 18). On December 21, 2009, Kennedy filed a Response in Opposition to Plaintiff's First Motion to Dismiss. (Doc. # 16). On January 4, 2010, Plaintiff filed a Reply to Defendant's Response to Plaintiff's Motion to Dismiss. (Doc. # 19). The Court has carefully considered the pleadings, motions, and memoranda of the parties, and this matter is now ripe for disposition.

      Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can

be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions" and that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

Plaintiff argues that Kennedy has failed to assert facts sufficient to constitute a claim of abuse of process. It is noted that, "A plaintiff alleging abuse of process in South Carolina must assert two essential elements: 1) an 'ulterior purpose,' and 2) a 'willful act in the use of the process not proper in the conduct of the proceeding.'" Food Lion, Inc. v. United Food & Commercial Workers International Union, 567 S.E.2d 251, 253 (S.C. Ct. App. 2002) (quoting Hainer v. Am. Med. Int'l, Inc., 492 S.E.2d 103, 107 (S.C. 1997). Further, "An ulterior purpose exists if the process is used to gain an objective not legitimate in the use of the process." Id.,

(quoting First Union Mortgage Corp. v. Thomas, 451 S.E.2d 907, 914 (S.C. Ct. App. 1994). Finally, South Carolina Courts have stated that the "willful act" element consists of three parts, "1) a 'willful' or overt act 2) 'in the use of the process' 3) that is improper because it is either (a) unauthorized or (b) aimed at an illegitimate collateral objective." Id. (citations omitted).

Kennedy asserts that his allegation that Plaintiff brought this lawsuit in retaliation for Kennedy's political defeat of Plaintiff and because of a lawsuit involving Plaintiff filed by Kennedy's son satisfies the requirement that an ulterior purpose be alleged. Furthermore, Kennedy alleges that Plaintiff filed the claim of civil conspiracy against Kennedy with the sole aim of forcing Kennedy to expend money to defend against the lawsuit, to advance Plaintiff's political agenda, to obtain personal and private information that he would not otherwise have access to through the use of discovery, and to cause damage to Kennedy's personal and professional reputation. Kennedy argues that these are illegitimate and improper collateral objectives. Therefore, Kennedy contends that the second element, a willful act in the use of the process not proper in the conduct of the proceeding, has been satisfied.

This Court determines that, after considering the cases cited by both parties, as well as the analysis provided by Iqbal and Twombly, Kennedy has sufficiently pled facts in support of his counterclaim to survive the motion to dismiss filed pursuant to Rule 12.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Kennedy's amended counterclaim is **DENIED**. (Doc. # 18). Plaintiff's first motion to dismiss Kennedy's counterclaim is deemed **MOOT**. (Doc. # 10).

**IT IS SO ORDERED**.

                                                                     s/Terry L. Wooten_____  
                                                                       TERRY L. WOOTEN  
                                                                   United States District Judge

April 8, 2010  
Florence, South Carolina